The document below is hereby signed.

Signed: December 16, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                            )
                                 )
PATRICK LLOYD NELSON,            )    Case No. 13-00361
                                 )    (Chapter 7)
              Debtor.            )
_____)
                                 )
CYNTHIA SMITH,                   )
                                 )
              Plaintiff,         )
                                 )
         v.                      )    Adversary Proceeding No.
                                 )    13-10029
PATRICK LLOYD NELSON,            )
                                 )    Not for publication in
              Defendant.         )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER

The plaintiff Smith's complaint seeks a determination that the debts owed her by the debtor Nelson are nondischargeable under 11 U.S.C. § 523(a)(6). Smith obtained monetary awards against the debtor Nelson of $16,800 and $602 in the case of *Nantucket Holdings, Inc. v. Patrick Nelson and Cynthia Smith*, Civil Action No. 2010-002041 B in the Superior Court of the District of Columbia. This decision addresses principally two issues. First, it concludes that on the face of the complaint in

this adversary proceeding, the $16,800 award is *not* nondischargeable under 11 U.S.C. § 523(a)(6).  Second, it concludes that, with respect to the $602 award, the default entered against Nelson ought not be vacated, and Smith is entitled to proceed to obtain a default judgment against Nelson declaring that debt to be nondischargeable.

I

The court issued an order directing Smith to show cause why the claim to declare the $16,800 award nondischargeable ought not be dismissed.  Smith has responded, supplementing the complaint with additional exhibits, but has not shown that the claim ought not be dismissed.

The complaint alleges these facts.  Nelson and Smith jointly owned a parcel of real property located at 331 Madison Street, N.W., Washington, D.C.  Nelson forged or caused someone else to forge a deed purporting to transfer Smith's interest in the property to Nelson.  Nelson, knowing that the deed was forged, recorded the deed and entered into a contract to sell the property to Nantucket Holdings, Inc.  When Nelson failed to provide Nantucket Holdings with a clean title report, Nantucket Holdings sued Nelson in the Superior Court.  Nelson testified on deposition that he had seen Smith execute the deed.  This led Nantucket Holdings to file an amended complaint adding Smith as a

defendant.  In turn, Smith filed a cross-claim against Nelson.[1]

The cross-claim alleged in pertinent part:

> 4. The Property was deeded . . . to Smith and Nelson as joint tenants by deed executed on January 17th, 2007.
> . . .
> 5. Smith resided in the property . . . until she and her daughters were forced to move out by Nelson's unlawful actions.
>         *     *     *
> 8. Smith did not execute the deed dated October 21, 2009 purporting to transfer the Property from Smith and Nelson to Nelson.
> 9. On information and belief, Nelson forged Smith's signature or caused her signature to be forged on the deed without Smith's knowledge or consent. . . .
>         *     *     *
> WHEREFORE, Smith asks the court to enter judgment against Nelson granting the following relief:
> a. Granting declaratory judgment that the October 21, 2009 deed is a forgery and that Smith did not transfer any property interest in the Property to Nelson;
> b. Setting aside the fraudulent deed dated October 21, 2009;
> c. Awarding Smith actual, punitive or statutory damages as may be proven;
> d. **Any other relief this court deems just.**

[Emphasis added.]  The Superior Court declared Nelson to be in default, as to both Nantucket Holdings' complaint and Smith's cross-claim, but nevertheless proceeded to take evidence.  The Superior Court's *Findings of Fact and Conclusions of Law* are an exhibit to the complaint here.  In pertinent part, the Superior Court ruled:

> 6.  Cross-Plaintiff Smith resided in the Property from approximately February 2001 to July 2008.  Between February 2001 and September 2005 (i.e., fifty-six

---

[1] The cross-claim has been submitted as Exhibit 1 to Smith's response to this court's order to show cause.

>    months), Cross-Plaintiff Smith paid the monthly
>    mortgage installments of not less than $600 per month,
>    expending a total amount of $33,600. [Footnote
>    omitted.]  Defendant Nelson did not contribute to the
>    mortgage.
>         *    *    *
>    9.   Smith and her family left the property after
>    an altercation with Defendant Nelson. . . .
>         *    *    *
>    11.  Cross-Plaintiff Smith began renting an
>    apartment on, or about, August 1, 2008.  The monthly
>    rent for the premise is $725 per month.  She continues
>    to reside in the rental unit as of October 19, 2012.
>    12.  On, or around, October 21, 2009, a deed
>    purporting to transfer Cross-Plaintiff Smith's one-half
>    interest in the Property to Defendant Nelson for no
>    consideration was executed.  Cross-Plaintiff Smith's
>    signature was forged; she neither signed the
>    instrument, nor authorized another to sign the
>    instrument on her behalf.  The evidence clearly
>    demonstrates that Defendant Nelson knew that
>    Cross-Plaintiff Smith's signature was forged. [Footnote
>    omitted.]  Indeed, at the hearing on October 19, 2012,
>    Defendant Nelson admitted that Cross-Plaintiff Smith
>    neither signed the instrument, nor authorized another
>    to sign the instrument on her behalf.

*Findings of Fact and Conclusions of Law* at 3-5.  The Superior Court declared the forged deed to be void *ab initio* and awarded Nantucket Holdings, Inc. compensatory damages for Nelson's fraud and breach of contract and, under a standard of proof of clear and convincing evidence, punitive damages for Nelson's having knowingly misrepresented that Smith had conveyed the property to him.  *Id.* at 7-8 and 10-13.  In awarding punitive damages to Nantucket Holdings, the Superior Court ruled that "[a]rmed with the actual knowledge that Cross-Plaintiff Smith's signature on the deed was a forgery, Defendant Nelson nonetheless recorded the deed and, moreover, entered into a contract with Plaintiff for a

4

transfer of interest in the Property to Plaintiff." *Id.* at 7-8.

As to Smith, the Superior Court declined to award punitive damages or damages for emotional distress, stating:

> Cross-Plaintiff Smith also requests, *inter alia*, an amount for emotional distress and punitive damages. However, the Court finds that the present record will not sustain such awards. Such awards resonate in tort law, and not property law. While Cross-Plaintiff Smith has attempted to recast her claim as one of tort, (see Cross-Pl.'s Petition for Appropriate Damages, at 5 (Sept. 25 , 2012)), the Court is not convinced.

*Id.* at 13 n.11.[2]

However, the Superior Court determined that Smith *was* entitled to recover damages she would incur in restoring her title. It therefore ruled that "the case shall remain open (and, hence, the Court will withhold entry of a final judgment) while Cross-Plaintiff Smith takes the necessary steps to clear and restore her one-half interest in the Property." *Id.* at 14. It eventually fixed those damages incurred in restoring her title at $602, and awarded that $602 in an *Order* dated May 9, 2013.

The $16,800 award arose as follows. The Superior Court ruled:

> The Court does, however, find it appropriate to exercise

---

[2] The Superior Court made no award of compensatory damages to Smith based on her contention that Nelson had forced her out of the property. The Superior Court made no mention of this claim in its conclusions of law (unless its footnote 11 was intended to address the claim), even though certain of its findings of fact suggest that Nelson had engaged in conduct (including threatening one of Smith's daughters with a hammer) that forced Smith and her daughters out of the property, leading to her renting a residence elsewhere at a rent (as the Superior Court found) of $725 per month.

5

> its equitable powers and award Cross-Plaintiff Smith the sum of $16,800, representing the Defendant's proportional share of the mortgage payments. "Generally, one co-tenant who pays the mortgage, taxes, and other carrying charges of jointly owned property is entitled to contribution from the other." *Crawford v. Crawford*, 443 A.2d 599, 600 (Md. 1982). The testimony received at the hearing established that Cross-Plaintiff Smith, alone, bore responsibility for paying the monthly mortgage installments. Defendant Nelson neither contested Cross-Plaintiff Smith's testimony, nor contended that he contributed to such payments. Accordingly, in light of the Court's finding *supra* ¶6 and the relevant legal doctrine, the Court finds in favor of Cross-Plaintiff Smith and against Defendant Nelson in the amount of $16,800.

*Findings of Fact and Conclusions of Law* at 14. The Superior Court issued a *Judgment* dated April 17, 2013, reciting that in its *Findings of Fact and Conclusions of Law*:

> The Court ordered that Cross-Claim Plaintiff's interest in the subject property be restored and, in an exercise of its inherent equitable powers, it ordered that Defendant Nelson pay to Cross-Claim Plaintiff an amount of $16,800, representing the Defendant's proportionate share of past mortgage payments.

The *Judgment* then directed that it was "ORDERED, that Defendant, Patrick Nelson, shall pay to Cross-Claim Plaintiff, Cynthia Smith, an amount of $16,800, plus interest at the prevailing rate as set by D.C. Code § 28-3302(c) from April 17, 2013, until the date of payment[.]"

## II

Smith's complaint here seeks, in relevant part, a determination that:

(1) Defendant Nelson's debts to Plaintiff established by the Judgment, the Final Order, and the

>    Order Awarding Expenses, including $16,800 plus post-judgment interest, expenses of $602, and attorneys fees and costs arising out of the Superior Court matter, which resulted from Defendant Nelson's fraud, are not dischargeable pursuant to 11 U.S.C. § 523(a)(6); [and]
> (2) Plaintiff Smith is entitled to reasonable attorney's fees and expenses incurred in bringing this adversary proceeding.

The complaint adequately stated a basis upon which the court could grant the request to determine that the $602 award is nondischargeable, and upon prevailing on that claim, Smith will be additionally entitled to recover taxable costs related thereto.

As to attorney's fees and expenses:

- The plaintiff has consented to the dismissal of her claim relating to attorney's fees and costs incurred in the Superior Court matter (except for fees and costs included in the $602 expense award).

- Under the so-called American Rule, Smith is not entitled to recover attorney's fees and expenses (other than taxable costs) incurred in bringing this adversary proceeding except to the extent that she falls into any exception to the American Rule for litigation abuse (such as an award made under Fed. R. Bankr. P. 9011).

That leaves the issue of whether the court should dismiss the complaint's request to determine that the $16,800 award is nondischargeable, and the issue of whether the court should vacate the default entered against Nelson.

III

As demonstrated by the exhibits to the complaint, and as noted in this court's order to show cause:

> The $16,800 award was an award of Nelson's proportional share of the mortgage payments on the real property that Smith and Nelson jointly owned. Smith had made all of the $33,600 in mortgage payments on the property after the parties became joint owners, and Nelson was held liable for one-half of those mortgage payments because, the Superior Court reasoned, "'Generally, one co-tenant who pays the mortgage, taxes, and other carrying charges of jointly owned property is entitled to contribution from the other.' *Crawford v. Crawford*, 443 A.2d 599, 600 (Md. 1982)." [Superior Court's Findings of Fact and Conclusions of Law (Compl. Ex. 1) at 14.]

[Dkt. No. 16 at 2.] Such an award, when premised solely on the law regarding rights of contribution from one co-tenant for carrying charges paid by the other co-tenant, is not a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" within the meaning of § 523(a)(6).[3]

Smith's complaint alleges that "[a]s a result of Nelson's intentional and malicious fraud, the Superior Court awarded Smith a final judgment against Nelson awarding damages in the amount of $16,800, plus post-judgment interest . . . ." Compl. ¶ 9. This

---

[3] The discharge injunction against the collection of the debt as a personal obligation does not affect the in rem obligations that run against the property. And although the court concludes that the $16,800 is not a nondischargeable monetary obligation under 11 U.S.C. § 523(a)(6), this decision does not address whether Smith's right of contribution from the debtor constitutes a charge in the nature of a lien against the property that is in rem in character and thus not affected by the discharge.

8

may be true in a "but for" causation sense. If Nelson had not filed the forged deed, Smith would not have sued him, and without her having sued him, there would be no $16,800 award. But it was not the forging of the deed or the recording of the forged deed that caused Smith to sustain $16,800 in damages, but rather, it was Nelson's failure to pay his share of the mortgage and expenses associated with maintaining the property that gave rise to Smith's claim.

A debt is nondischargeable based on its arising from a willful and malicious injury to property of the debtor only if the debt arises proximately from that wrongful act. *See United States v. Spicer*, 57 F.3d 1152, 1157 (D.C. Cir. 1995) (decision applying the discharge exception of 11 U.S.C. § 523(a)(2) for debts for property obtained by fraud); *In re Apte*, 180 B.R. 223, 230-31 (B.A.P. 9th Cir. 1995) (applying proximate cause requirement to § 523(a)(6)); *In re Musgrave*, 2011 WL 312883, at * 7 (B.A.P. 10th Cir. Feb. 2, 2011) ("Section 523(a)(6) requires proof [that] . . . the injury is the proximate result of the action by the defendant. . . ."); *In re Wong*, 291 B.R. 266, 280 (Bankr. S.D.N.Y. 2003) (an element of a § 523(a)(6) claim is that the injury must be the proximate result of the action by the defendant); *In re Tilley*, 286 B.R. 782, 790 (Bankr. D. Colo. 2002) (same); *In re Lett*, 238 B.R. 167, 188 n.19 (Bankr. W.D. Mo. 1999) ("the elements of intent, injury and proximate cause are

the same for §§ 523(a)(2) and (a)(6); the only difference is a matter of degree."). "But for" causation does not suffice. *Spicer*, 57 F.3d at 1157. Smith has failed to allege an adequate causal link between Smith's claim for contribution and Nelson's misconduct to support a claim of nondischargeability under § 523(a)(6).

In response to the court's order to show cause, however, Smith argues:

> This amount was awarded by the Superior Court *solely* in connection with Smith's claim of willful fraud against Nelson, which was the *only* claim before the court. As a matter of law, the Superior Court had broad discretion to fashion a remedy for Nelson's willful fraud. In addition, as a matter of law, the Superior Court could not have granted an award of damages for any claim not formally pending before the court, and, again, the only claim pending was for willful fraud. Finally Smith notes that the Court's show cause order is procedurally irregular given that Nelson has defaulted on Smith's complaint.

*Plaintiff's Response to the Court's Order to Show Cause* at 2. These arguments must be rejected: they do not suffice to show that the complaint has alleged facts showing that the $16,800 award was for damages proximately caused by the recording of the forged deed.

First, it does not matter that what Smith pled in her cross-claim in the Superior Court included no claim for contribution for mortgage payments she had made. The $16,800 award was an award for contribution, based on evidence presented at the evidentiary hearing, even if Smith had not formally asserted such

a claim in her cross-claim.  The Superior Court had evidence showing that a claim for contribution existed, and, rightly or wrongly, it went beyond what was pled in the cross-claim and made a $16,800 award to Smith characterized by the *Judgment* as Nelson's "proportionate share of past mortgage payments."  The basis for the award, and the award itself, arise from the law regarding co-tenants' obligations to share the carrying expenses of property, *not* from the fact that Nelson recorded a forged deed from Smith to himself of Smith's interest in the property.

Second, that "the Superior Court had broad discretion to fashion a remedy for Nelson's willful fraud" is meaningless unless the $16,800 award was fashioned as a remedy for Nelson's fraud in recording the forged deed, which it was not.  The only remedy the Superior Court fashioned with respect to the forged deed was to decree that Smith was entitled to recover damages she would incur in restoring her title to the property.[4]  The Superior Court's award of $16,800 was fashioned to address Smith's right, under the law governing co-tenancies (not under the law governing fraud), to recover from Nelson as a co-tenant his "proportionate share of past mortgage payments."  That the cross-claim pursued a claim based on Nelson's filing a forged deed does not convert the $16,800 contribution award into a

---

[4]  It rejected Smith's claims for damages for emotional distress and punitive damages. *Findings of Fact and Conclusions of Law* at 13 n.11.

11

recovery of damages for Smith having filed a forged deed.

Third, the contention that "as a matter of law, the Superior Court could not have granted an award of damages for any claim not formally pending before the court" relies on decisions holding that only well-pled claims may be a basis for a default judgment. Nelson participated in the hearing to fix damages, and the Superior Court allowed evidence to be received on the contribution claim even though it had not been pled in Smith's cross-claim. Effectively, the Superior Court allowed Smith to amend her cross-claim to assert this additional claim, a claim that was plainly legally sufficient.

Smith does not contend that the Superior Court violated Super. Ct. Civ. R. 54(c), which provides:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Smith's failure to cite Rule 54(c) suggests that something may have occurred at the evidentiary hearing that resulted in the Superior Court's contribution award of $16,800 being in compliance with that rule (for example, Nelson may have acquiesced in the cross-claim being orally amended at the hearing to include the contribution claim). In any event, the *Findings of Fact and Conclusions of Law* show that if the Superior Court

12

failed to comply with the rule because it awarded damages for a claim for contribution under the law governing co-tenancies not pled in the cross-claim, the award nevertheless was one for contribution under the law governing co-tenancies (not a claim arising from Nelson's filing the fraudulent deed).  A failure by it to comply with Super. Ct. Civ. R. 54(c) would not convert the claim for contribution into a claim for damages arising from the filing of the fraudulent deed.

Finally, there is nothing procedurally improper in a court's raising on its own initiative, even when the defendant is in default, the issue of whether the complaint fails to state a claim upon which relief can be granted.  *See Kopff v. Roth*, 2007 WL 1748918, at *2 (D.D.C. June 15, 2007) quoting 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998) ("Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action. . . .").

IV

Because Smith's claim regarding the nondischargeability of the $16,800 award by the Superior Court must be dismissed for failure to state a claim, Nelson's motion to vacate the default with respect to that claim is moot.  Even though in default, he is entitled to defend against that claim for failure to state a

13

claim upon which relief can be granted, and to defend against any motion to vacate the dismissal of the claim. *See Conetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67, 76 (1st Cir. 2001), citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65-66 (2d Cir. 1981). *See also Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (the entry of default does not bar the defendant from challenging the sufficiency of the complaint).

The default similarly does not preclude Nelson from challenging the legal sufficiency of the complaint regarding that claim on appeal. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).

Only if the dismissal of the claim regarding the dischargeability of the $16,800 award is later vacated would it become necessary to decide whether to relieve Nelson of his default in regard to that claim. Accordingly, Nelson's motion to vacate the default will be dismissed as moot (without adjudicating the merits of the same) with respect to that claim.

V

The motion to vacate the default with respect to the claim regarding the nondischargeability of the $602 claim will be denied. In ordering Nelson to supplement his motion to vacate the default, *see* Dkt. No. 17, this court noted in part:

>   1. The defendant has not filed a verified answer as required by the local rules in seeking to vacate the

14

> default entered against him.
>           *    *    *
>      3. . . . It is not clear that he has a defense to the claim to declare the $602 expense debt to be nondischargeable.  He should explain why he has a plausible defense to the claim to declare the $602 debt to be nondischargeable.
>      4. Finally, if the default were to be vacated, the plaintiff has been injured in incurring attorney's fees with respect to her attorney's responding to the motion to vacate the default.  No vacating of the default would appear to be appropriate if the defendant is not going to pay those attorney's fees.

Nelson has still failed to file a verified answer.[5]  His basis for asserting that he has a plausible defense is unconvincing, as he argues that an intentional injury to Smith's property required that Nelson at least have believed that the harm to Smith was substantially certain to result from his act, but he fails to explain how he could not have realized that recording the deed was depriving Smith of her interest in the property and causing her harm.  Finally, despite the court's order, Nelson has remained mum regarding the fees Smith incurred in opposing the motion to vacate, and has made no offer to reimburse Smith for those fees.  Under *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966), the court may impose reasonable conditions on vacating a default judgment, including requiring that the defendant reimburse the plaintiff for reasonable attorney's fees and costs incurred because of the default.  Nelson does not suggest that he

---

[5] The amended answer (Dkt. No. 21) is not a verified answer because it is not signed under the penalty of perjury nor is it notarized.

15

would pay Smith's fees incurred in opposing the motion to vacate the default--fees that likely would exceed $602 if the court were to hold an evidentiary hearing to address the motion to vacate the default--for the privilege of contesting the claim to hold the $602 expense award nondischargeable. For all of these reasons, I will deny the motion to vacate with respect to the claim to determine that the $602 award was nondischargeable.

## VI

In accordance with the foregoing, it is

ORDERED that the plaintiff Smith's claims are dismissed except for her claim to declare the $602 in expenses awarded by the Superior Court (and postjudgment interest thereon) to be nondischargeable; and her request to recover taxable costs. It is further

ORDERED that as to the claim to determine that the $16,800 award is nondischargeable, the defendant Nelson's motion to vacate the default entered against him is dismissed as moot without adjudicating the merits of the same. It is further

ORDERED that as to the claim to determine that the $602 in expenses awarded by the Superior Court is nondischargeable, the defendant Nelson's motion to vacate the default entered against him is denied. It is further

ORDERED that the dismissal of the claim to declare the $16,800 award nondischargeable does not adjudicate whether

16

plaintiff Smith's right to contribution constitutes a charge in the nature of a lien against Nelson's interest in the property (known as 331 Madison Street, N.W., Washington, D.C.) that is in rem in character and that may thus be enforced against Nelson's interest in the property despite the discharge.

[Signed and dated above.]

Copies to: All counsel of record.